UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tammy Evergetis, ) | C/A No. 3:09-cv-00097-JFA |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| SCANA Corporation and the SCANA ) | |
| Corporation Severance Policy, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the court on the parties' cross-motions for summary judgment (ECF. Nos. 24 and 25). The court held a hearing on August 5, 2010. After considering the written materials submitted and the arguments of counsel, the court denies the motions for summary judgment.

The plaintiff, Tammy Evergetis, has sued SCANA alleging wrongful denial of severance benefits pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*[1] The SCANA subsidiary she worked for was sold to another company, and Evergetis accepted a position with the purchasing company. She contends that she is entitled to severance benefits under SCANA's severance policy because she was an exempt employee to whom the policy applied and because she suffered a layoff or job elimination as those terms are defined in the policy. Evergetis further contends that in the event that the court finds that the terms "layoff" and "job elimination"

---

[1] The complaint also included a claim for violation of the Age Discrimination Employment Act (ADEA), which Evergetis later voluntarily dismissed.

are ambiguous, the court should still award benefits because the meaning of those terms should be construed against SCANA.

The defendants argue that the policy does not apply to Evergetis because she was not an exempt employee. The defendants further contend that even if the policy does apply, Evergetis does not meet the eligibility requirements to receive benefits. The defendants maintain that Evergetis did not experience a layoff or job elimination but instead voluntarily chose to pursue another job. Finally, the defendants contend that Evergetis never experienced a period of actual unemployment. Instead, she transferred from one employer to another and continued in substantially the same position.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well-established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

With this standard in mind, the court has reviewed the parties' briefs, the record, and the law, and has considered the arguments made at the hearing. The court is constrained to find at this stage in the case that there are genuine issues of material fact that prevent the court from granting judgment as a matter of law. The court will reconsider the parties' arguments during the bench trial of this case.

This case will be set for trial in the November/December 2010 term, and will be tried without a jury.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.* (signature)

August 17, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge